IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEFF PERKINS,

          Plaintiff,

v.                                          CIVIL ACTION NO. 2:20-cv-00032

STATE OF WEST VIRGINIA, et al.,

          Defendants.

ORDER

    This action was referred to the Honorable Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On September 9, 2020, Judge Tinsley submitted his Proposed Findings & Recommendation ("PF&R") [ECF No. 24] recommending that the court **GRANT** the motions to dismiss [ECF No. 8] filed by Defendants the State of West Virginia and the Federal Highway Administration and **DISMISS** the matter from the court's docket.

    Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties were given 14 days from the date of the entry of the PF&R to file objections to the PF&R [ECF No. 24 at 8]. Plaintiff filed a Letter-Form Motion for Extension of Time to Objections to the PF&R. [ECF No. 25]. I granted Plaintiff an additional 10 days to file his objections. [ECF. No. 26]. Plaintiff did not make objections within the extended period of time but instead submitted a letter to the Court expressing his displeasure with certain actions taken by the Federal

Highway Administration and the State of West Virginia and asking this Court to appoint him counsel. [ECF No. 27].

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997).

The PF&R submitted by Judge Tinsley gave notice to the parties that they had a total of fourteen days from the filing of the PF&R "within which to file with the Clerk of this Court, specific written objections, identifying the portions of the PF&R to which objection is made, and the basis of such objection." PF&R at 15. Despite this guidance, the plaintiff's Letter fails to make specific objections or identify any alleged errors. Therefore, I **FIND** that a de novo review of the PF&R is not required. I accept and incorporate herein the PF&R and order judgment consistent therewith. The Court **AFFIRMS** the final decision of Magistrate Judge, **DISMISSES with prejudice** the case, and **DIRECTS** that this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 4, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE